UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-14052-CANNON/MAYNARD

UNITED STATES OF AMERICA,

v.

NICHOLAS JAMES SORGENFREY,

    Defendant.
_____/

## PROPOSED ORDER ON RESTITUTION

**THIS CAUSE**, having come before the Court upon the parties Joint Stipulation Regarding Restitution, the Joint Stipulation is **GRANTED** in accordance with this Order.

***

Pursuant to the Mandatory Restitution for Sex Crimes section of the Violence Against Women Act of 1994 (VAWA), codified in Title 18, United States Code § 2259, the Court finds that the minors from the "Jenny," and "Sweet White Sugar," series, are each victims harmed by the Defendant's offense conduct in this case. The Court orders that the Defendant, Nicholas James Sorgenfrey, be held liable for restitution to the Victims.

The Court further orders that the Defendant pay an apportioned amount of restitution in the following amounts:

    $5,000 for victim "Jenny" of the "Jenny" series; and
    $3,000 for victim "Pia" of the "Sweet White Sugar" series.

In support of its order, the Court finds as follows:

1. The mandatory restitution section of the Violence Against Women Act of 1994 ("VAWA") codified at Title 18, United States Code, Section 2259, requires the Court to impose restitution for any offense under Chapter 110.

2. The offense for which the Defendant was convicted [ECF No.28], namely possession of material containing visual depictions of sexual exploitation of minors, in violation of Title 18, United States Code, Section 2252(a)(4)(B) and (b)(2); and is an offense codified in Chapter 110 and is an offense that is subject to the Mandatory Restitution for Sex Crimes section of the VAWA, under Title 18, United States Code § 2259.

3. Furthermore, Title 18, United States Code, Section 2259(c) defines a "victim" as an individual "harmed as a result of a commission of a crime" under Chapter 110, including a victim who is under eighteen (18) years of age, incompetent, incapacitated or deceased, the legal guardian of the victim or representative of the victim's estates.

4. Restitution, pursuant to Title 18, United States Code, Section 2259, is available to victims who are harmed as a proximate result of a Chapter 110 offense.

5. Defendants convicted of Chapter 110 offenses must compensate for the full amount of the victim's losses, including:

    (A) Medical services relating to physical, psychiatric, or psychological care;
    (B) physical and occupational therapy or rehabilitation;
    (C) necessary transportation, temporary housing, and child-care expenses;
    (D) lost income;
    (E) attorney's fees, as well as other costs incurred; and
    (F) any other losses suffered by the victim a proximate result of the offense.

18 U.S.C. §2259(b)(2).

6. Title 18, United States Code, Section 3664(h), which is incorporated by Title 18, United States Code, Section 2259(b)(2), allows the Court to apportion liability among defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant. *See also Paroline v. United States*, 572 U.S. 434, 458 (2014) ("[A] court applying [18 U.S.C.] § 2259 should order restitution in an amount that comports with the defendant's relative role in the causal process that underlies the victim's general losses.").

7. There is no dispute that the Defendant possessed images of child pornography that depicted victims of the **"Jenny," and "Sweet White Sugar"** series being sexually abused.

8. There is no dispute that harm was caused to **"Jenny," and "Sweet White Sugar"** series by persons who possess, disseminate or share the images of **"Jenny," and "Sweet White Sugar"** series being sexually abused as a child. **"Jenny," and "Sweet White Sugar"** series knowledge that images of their individual abuse were being disseminated and possessed by others caused **"Jenny," and "Sweet White Sugar"** series to be re-victimized and has resulted in harm that is distinct from that suffered from the actual physical sexual abuse sustained as a child. Accordingly, the Court finds that **"Jenny," and "Sweet White Sugar"** series were harmed as a result of the criminal conduct engaged in by the Defendant.

9. There is no dispute that other individuals have been charged and convicted in multiple Districts with possessing, receiving, and/or disseminating child pornography wherein **"Jenny," and "Sweet White Sugar"** series are victims.

10. There is no dispute that the amounts of restitution recited herein reflect the respective victims' losses as proximately caused by the Defendant Nicholas James Sorgenfrey.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

The Defendant Nicholas James Sorgenfrey, is liable for restitution in the following amounts:

- $5,000 for victim "Jenny" of the "Jenny" series, made payable to counsel, "Marsh Law Firm PLLC in trust for Jenny" at the following address:
  Marsh Law Firm PLLC, ATTN: Jenny
  PO Box 4668 #65135
  New York, NY 10163-4668;

- $3,000 for victim "Pia" of the "Sweet White Sugar" series, made payable to counsel, "Deborah A. Bianco, in trust for Pia", at the following address:
    Attorney Deborah A. Bianco
    P.O. Box 6503
    Bellevue, WA 98008.

**DONE AND ORDERED** at Fort Pierce, Florida, this ___ day of _____ 2023.

_____
AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE